# In the United States District Court
## for the Southern District of Georgia
### Waycross Division

| | | |
|---|---|---|
| RONALD AUSTIN DAVIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV 508-041 |
| | * | |
| RANDY CARL WILLIAMS, R.E.M. | * | |
| PIPELINE SERVICES, and | * | |
| AMERICAN HOME ASSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Plaintiff Ronald Austin Davis's Objection to Defendants' Bill of Costs. (Dkt. No. 96.) Defendants, as the prevailing party in this litigation, are entitled to recover certain costs as a matter of course pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. The costs that may be taxed against a non-prevailing party are defined in 28 U.S.C. § 1920 as follows:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees

> and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920 and may not tax costs that are not listed in that section. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). As the non-prevailing party in this case, it is Plaintiff's burden to demonstrate that a challenged cost is not taxable. Sensormatic Elecs. Corp. v. Tag Co., No. 06-81105, 2009 WL 3208649, at *2, (S.D. Fla. Oct. 2, 2009) (citing EEOC v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000)).

Plaintiff presents a number of specific objections to Defendants' Bill of Costs. First, Plaintiff argues that the hotel and travel expenses incurred by Lew Bostic, a witness for Defendants, should not be taxed as costs. As noted above, a prevailing party is entitled to "fees and disbursements . . . for witnesses," 28 U.S.C. § 1920, including reasonable travel expenses and a subsistence

2

allowance when necessary. See 28 U.S.C. § 1821. Plaintiff's only argument in opposition to Bostic's expenses is that Bostic was not called by the Defendants to testify. This argument lacks merit. As indicated by the trial minutes, Plaintiff's counsel called Bostic to the stand for purposes of cross-examination during Plaintiff's case in chief, after which Defendants' counsel questioned Bostic on direct. (Dkt. No. 87.) Plaintiff's sole argument objecting to the taxing of Lew Bostic's hotel and travel expenses as costs is therefore **OVERRULED**.

Next, Plaintiff challenges a charge of $201.00 for a private process server to travel from Waycross, Georgia to serve a subpoena in Brunswick, Georgia. Although 28 U.S.C. § 1920(1) specifically mentions the term "marshal," a district court is permitted to tax a private process server's fees as costs, provided the rate charged does not exceed the cost of having a U.S. Marshal effect service. W & O, Inc., 213 F.3d at 624. The Marshal Service's rate for serving process is $55.00 per hour or portion thereof for each item served, plus travel costs and other out-of-pocket expenses. See 28 C.F.R. § 0.114(3).

Here, the private process server charged $137.50 for 2.5 hours of work at a rate of $55.00 per hour, plus $63.50 for traveling 127 miles at a rate of $0.50 per mile. The process server's hourly rate is therefore the same as that charged by the Marshal Service. Moreover, Plaintiff does not show that the private process server's mileage rate is unreasonable. Plaintiff nevertheless objects to the charge on the grounds that the process server travelled all the way from Waycross to effect service in Brunswick, where Defendants' counsel maintains its office. The location of Defendants' counsel's office, however, is not determinative. Because Plaintiff has not otherwise demonstrated that the cost is unreasonable, Plaintiff's objection to the process server's $201.00 fee is **OVERRULED**.

Next, Plaintiff argues that an $81.00 charge for the deposition transcript of Peter C. Sisserson, Jr. is not taxable because Sisserson was deposed in connection with another case. Nothing in 28 U.S.C. § 1920, however, requires "that the deposition from which the transcript is made be taken in the case" sub judice. Wood v. Green, No. 3:07cv95, 2010 WL 1380154, at *2 (N.D. Fla. Mar. 31, 2010). Rather, the statute permits the court to tax the costs of

4

any "transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The non-prevailing party bears the burden of showing that the cost of a particular deposition transcript was not necessary for use in the case. Caribbean I Owners' Ass'n, Inc. v. Great Am. Ins. Co. of N.Y., No. 07-0829, 2009 WL 2150903, at *3 (S.D. Ala. July 13, 2009) (citing W & O, Inc., 213 F.3d at 621; Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1571 (N.D. Ga. 1992)).

Here, Plaintiff has not satisfied this burden. The record indicates that Plaintiff's counsel attempted to introduce materials produced at Sisserson's deposition at trial. It is therefore likely that Defendants obtained a copy of the deposition transcript for impeachment purposes. Cf. Wood, 2010 WL 1380154, at *2 ("Deposition transcripts used to impeach witnesses are taxable."). Whatever the reason, Plaintiff has not demonstrated that the transcript was unnecessary for use in this case. Accordingly, Plaintiff's objection to the $81.00 charge is **OVERRULED**.

Finally, Plaintiff contends that the mileage and hotel expenses of Randy Williams should not be taxed as costs. Randy Carl Williams is a named party in this case. As a

5

general rule, the expenses of witnesses who are themselves parties are not taxable. Hodge v. Seiler, 558 F.2d 284, 287 (5th Cir. 1977).[1] Accordingly, Plaintiff's objection to the taxing of Randy Williams's hotel and mileage expenses as costs is **SUSTAINED**. Defendants' Bill of Costs shall therefore be reduced by $789.33. (Dkt. No. 95.)

**CONCLUSION**

Plaintiff's Objection to Defendants' Bill of Costs is **SUSTAINED** in part and **OVERRULED** in part. (Dkt. No. 96.) Plaintiff's objections regarding Lew Bostic's expenses, the private process server's fees, and the transcript costs for Peter C. Sisserson, Jr.'s deposition are all **OVERRULED**. Plaintiff's objection concerning Randy Williams's expenses, however, is **SUSTAINED**. Defendant's Bill of Costs shall therefore be reduced by $789.33. The Clerk of Court is directed to enter an amended Bill of Costs as follows:

Fees for service of summons and subpoena: $201.00

Fees for printed or electronically
recorded transcripts necessarily obtained
for use in the case:
$2,701.45

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

6

```
Fees for witnesses:
$3,565.23

Fees for exemplification and the costs
of making copies of any materials where
the copies are necessarily obtained for
use in the case:                                    $344.85

                        TOTAL         $6,812.53
```

**SO ORDERED**, this ___13th___ day of May, 2010.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA